# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARY LAFORGE ET AL.** | : | **CIVIL ACTION NO. 18-cv-916** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **GOLDEN NUGGET LAKE CHARLES, LLC, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Remand and for Attorney's Fees and Costs filed by plaintiffs Mary LaForge and Wayne Laforge. Doc. 10. Defendant AGS, LLC, opposes remand. Doc. 18. This motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated below, **IT IS RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

## I.
### BACKGROUND

Mary and Wayne Laforge filed suit seeking redress for injuries that Mary Laforge claims to have sustained when she fell over a dark colored chair inside the Golden Nugget Lake Charles Casino on June 16, 2017. Doc. 1, att. 2, pp. 3-4. Suit was filed in the 14th Judicial District Court, Calcasieu Parish, on June 9, 2018. Doc. 1, att. 2. Made defendants were Golden Nugget Lake Charles, LLC, IGT, Inc., Elaut USA, Inc., Deere Credit, Inc., Wells Fargo Vendor Financial Services, LLC (hereafter "Wells Fargo"), Everi Games, Inc., AGS, LLC (hereafter "AGS"),

Transaction Network Services, Inc., and Aristocrat Technologies, INC (hereafter "Aristocrat"). *Id.* at 2-3.

On July 12, 2018, AGS removed the action to this court under the provisions of 28 U.S.C. § 1441(b), claiming we have original jurisdiction under the provisions of 28 U.S.C. § 1332 in that there exists complete diversity between the parties and the amount in controversy exceeds $75,000. Doc. 1, pp. 4-6. No other defendants joined in the removal and AGS did not include their written consent. Doc. 1. On July 27, 2018, Aristocrat filed an answer with this court. Doc. 9.

On August 10, 2018, plaintiffs filed the instant motion for remand. Doc. 10. They provide proof that all named defendants were served at the time of removal [*id.* at atts. 1-2] and assert a procedural defect in removal based on AGS's failure to obtain affirmative joinder or consent of all properly joined and served defendants under 28 U.S.C. § 1446. *Id.* at att. 3, pp. 3-4. They also request the reasonable attorney fees and costs associated with the filing of the instant motion. *Id.* at. 4-5. AGS opposes remand. Doc. 18.

## II.
### LAW AND ANALYSIS

"'Federal Courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 114 S.Ct. 1673, 1675 (1994). Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). However, federal courts are duty-bound to examine subject-matter jurisdiction sua sponte. *Burciaga v. Deutsche Bank National Trust Co.*, 871 F.3d 380, 384, n.4 (5th Cir.2017) (citations omitted). When removing an action based on 28 U.S.C. § 1332, there must be complete diversity [*see Caterpillar Inc. v. Lewis*, 117 S.Ct 467, 468

(1996)] and a suit "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

The procedure for removal is governed by 28 U.S.C. § 1446. In cases involving multiple defendants, all defendants must join or consent to removal within thirty days of service of process upon the last-served defendant. 28 U.S.C. § 1446(b)-(c). This service occurs "after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). This means that "a defendant's thirty-day removal period commences on formal service of process, not merely on receipt of actual notice of the complaint through informal channels." *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) (noting the language of 28 U.S.C. § 1446(b)(1) was clarified by the Supreme Court in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 119 S.Ct. 1322 (1999)).

For purposes of removal to federal court, service of process is governed by state law. *BellSouth*, 428 F.3d at 210. Louisiana law prescribes how plaintiffs are to serve process on defendants. *See, e.g.,* La. Code Civ. Pro. art. 1266 (as to LLCs); La. Code Civ. Pro. art. 1261 (as to corporations). After such service, a sheriff's return "sufficient [ ] to show service in compliance with law," is endorsed and becomes part of the record. *See.* La. Code Civ. Pro. art. 1292.

Plaintiffs assert AGS failed to obtain affirmative joinder or consent of all properly joined and served defendants within the thirty days prescribed by § 1446. Doc. 10, att. 3, pp. 3-4. AGS responds that defendant Aristocrat did consent timely with the filing of its answer in this court. Doc. 18, pp. 1-5. It argues no consent was required from defendant Wells Fargo as it was a nominal defendant. *Id.* at 5-7. It concludes by arguing no consent was required from the remaining

defendants as their respective agents for service of process would have had no authority to consent on their behalf during the applicable 30 day period. *Id.* at 7-9.

Ignoring plaintiffs' stated grounds for remand and AGS's response thereto we nevertheless order remand. We are duty-bound to examine subject matter jurisdiction in all cases. *Burciaga*, 871 F.3d at 384, n.4 (citations omitted). Golden Nugget Lake Charles, LLC, a named defendant in this case which, for unknown reasons, has yet to make an appearance is no stranger to this courtroom and we know from other matters that it is a citizen of the State of Louisiana.[1] Accordingly, complete diversity does not exist and the case must be remanded.

Plaintiffs ask that they be awarded the costs and attorney fees associated with the improper removal. Doc 10, att. 3, pp. 4-5. When ordering a case remanded to state court, this court has the discretion to "require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. However, such fees are not automatic. *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 292 (5th Cir.2000). As cautioned by the Fifth Circuit, attorney fees "should only be awarded if the removing defendant lacked 'objectively reasonable grounds to believe the removal was legally proper.'" *Hornbuckle v State Farm Lloyds*, 385 F.3d 538 (5th Cir.2004) (citing *Valdes,* 199 F.3d at 293). We do not find AGS's removal objectively unreasonable and we recommend that plaintiffs' request be denied.

---

[1] Defendant Golden Nugget Lake Charles, LLC is a limited liability company authorized to do business in Louisiana. *See Golden Nugget Lake Charles, LLC*, *v. W.G. Yates & Sons Construction Co.*, No. 2:15-cv-02751, doc. 1, p. 1 (W.D. La. Nov. 25, 2015) (Complaint for Damages and Declaratory Judgment). For purposes of determining diversity, "the citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted). The sole member of Golden Nugget Lake Charles, LLC is GNLC, Holdings, INC. *See Cassidy v. Golden Nugget Lake Charles, LLC.*, *et al.*, No. 2:16-cv-1570, doc. 6, p. 1 (W.D. La. Sept. 12, 2016) (Defendants' Certificate of Interested Persons and Corporate Disclosure Statement); *see also W.G. Yates*, No. 2:15-cv-02751 at doc. 4, p. 1 (Corporate Disclosure Statement). For removal purposes "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). GNLC, Holdings, Inc. is a corporation organized under Louisiana law. *See* Doc. 1, att. 4.

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion to Remand and for Attorney's Fees and Costs [doc. 10] be **GRANTED** in part, the case be remanded, and that plaintiffs' request for costs and attorney fees be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir.1996).

THUS DONE AND SIGNED in Chambers this 26th day of February, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE